UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JACKIE L. SECREST,                          )
     *Plaintiff*,                        )
                                         )
     *vs.*                               )     1:09-cv-00708-JMS-RLY
                                         )
MICHAEL J. ASTRUE, Commissioner of Social   )
Security,                                   )
     *Defendant*.                        )

## ORDER

Presently before the Court is Plaintiff's Motion for Attorney Fees Pursuant to EAJA. [Dkt. 31.]  Through it, Plaintiff seeks a total of $7,309.25 in attorney's fees for having prevailed against the government in this Social Security disability case.

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, requires the Court to award prevailing parties like Mr. East attorney's fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  The Commissioner has filed no brief opposing Plaintiff's fee request.  The Court interprets the Commissioner's silence as a tacit acknowledgement that neither statutory exception applies; if he had good arguments, he would have made them. Accordingly, the Court will apply the statutory presumption and award Plaintiff fees.

Nonetheless the Court cannot, and will not, award Plaintiff the full fee award she has requested.  Plaintiff bears the burden of establishing that her requested fees are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  She hasn't done so for two reasons.

First, the Supreme Court has directed plaintiffs to exercise "billing judgment" when submitting their fee requests, for "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Id.* at 434 (quotation and em-

- 1 -

phasis omitted).  Here, Plaintiff's brief was lackluster (and the Commissioner's too for that matter), making it needlessly difficult for the Court to resolve Plaintiff's claims—as the Court noted in its opinion.  [Dkt. 29 at 1.]  Had Plaintiff's counsel been able to actually bill her for his time, counsel would almost certainly have written off some of the bill.  And even if he didn't, the client would have pushed back considerably given the quality of the end product.

Second, the Supreme Court has also cautioned district courts to be mindful of the "degree of success obtained" when determining the appropriate fee award.  *Hensley*, 461 U.S. at 436.  While Plaintiff was able to obtain a remand, the Court affirmed the ALJ's decision in many important respects.  Her victory was, therefore, only a partial one.  Furthermore the Court notes that a large portion of counsel's time was specifically spent writing those ultimately unsuccessful arguments.  [*See* dkt. 31-3 at 2.]

Given the considerations outlined above, but absent specific argument from the Commissioner as to the need for a lower amount, the Court finds that the reasonable fee award is only $5,000.  The Court will therefore **ORDER** the Commissioner to pay that amount.  As required by *Astrue v. Ratliff*, the Court will **ORDER** that payment be made directly to Plaintiff.  130 S.Ct. 2521 (2010) (unanimously holding that an EAJA award "is payable to the litigant [not] to his attorney").  Plaintiff's fee motion, [dkt. 31], is thus **GRANTED IN PART** and **DENIED IN PART**.

Date: 09/03/2010   _____

_Hon. Jane Magnus-Stinson, Judge_
United States District Court
Southern District of Indiana

**<u>Distribution via ECF only</u>:**

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Joseph W. Shull
jshull@pngusa.net